# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| KAREN CRISSINGER, | : | APPEAL NOS.  C-150796 |
| | | C-160157 |
| Plaintiff-Appellee, | : | TRIAL NOS.  A-1400584 |
| | | A-1502865 |
| vs. | : | |
| THE CHRIST HOSPITAL, | : | |
| and | : | |
| ABUBAKAR ATIQ DURRANI, M.D., | : | |
| Defendant-Appellants, | : | |
| and | : | |
| CENTER FOR ADVANCED SPINE TECHNOLOGIES, INC., | : | |
| | : | |
| Defendant. | | |

| | | |
|---|---|---|
| PATRICK CALLIGAN, | : | APPEAL NOS.  C-160034 |
| | | C-160182 |
| Plaintiff-Appellee, | : | TRIAL NO.  A-1401182 |
| vs. | : | |
| CINCINNATI CHILDREN'S HOSPITAL MEDICAL CENTER, | : | |
| and | : | |
| ABUBAKAR ATIQ DURRANI, M.D., | : | |
| Defendant-Appellants, | : | |
| and | : | |
| CENTER FOR ADVANCED SPINE TECHNOLOGIES, INC., | : | |
| Defendant. | : | |

1

| | | |
|---|---|---|
| JACOB FELTNER, | : | APPEAL NO.  C-160053 |
| | | TRIAL NO.  A-1503379 |
| DONNA FELTNER, | : | |
| and | : | |
| WILLIAM FELTNER, | : | |
| Plaintiffs-Appellees, | : | |
| vs. | : | |
| CINCINNATI CHILDREN'S | : | |
| HOSPITAL MEDICAL CENTER, | | |
| | : | |
| Defendant-Appellant, | | |
| | : | |
| and | | |
| ABUBAKAR ATIQ DURRANI, M.D., | | |
| and | | |
| CENTER  FOR  ADVANCED  SPINE | | |
| TECHNOLOGIES, INC., | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| ALISSA HIGHTCHEW, | : | APPEAL NO.  C-160067 |
| | | TRIAL NO.  A-1306915 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| CINCINNATI CHILDREN'S | : | |
| HOSPITAL MEDICAL CENTER, | | |
| | : | |
| Defendant-Appellant, | | |
| | : | |
| and | | |
| | : | |
| ABUBAKAR ATIQ DURRANI, M.D., | | |
| | : | |
| and | | |
| | : | |
| CENTER  FOR  ADVANCED  SPINE | | |
| TECHNOLOGIES, INC., | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| BRANDON MATHIS, | : | APPEAL NO.  C-160087 |

| | | TRIAL NO. A-1307861 |
|---|---|---|
| Plaintiff-Appellee, | : | |
| vs. | : | |
| CINCINNATI CHILDREN'S HOSPITAL MEDICAL CENTER, | : | |
| Defendant-Appellant, | : | |
| and | : | |
| ABUBAKAR ATIQ DURRANI, M.D., | : | |
| and | : | |
| CENTER FOR ADVANCED SPINE TECHNOLOGIES, INC., | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| ALEX TAYLOR, | : | APPEAL NO. C-160113 |
| | | TRIAL NO. A-1402940 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| CINCINNATI CHILDREN'S HOSPITAL MEDICAL CENTER, | : | |
| Defendant-Appellant, | : | |
| and | : | |
| ABUBAKAR ATIQ DURRANI, M.D., | : | |
| and | : | |
| CENTER FOR ADVANCED SPINE TECHNOLOGIES, INC., | : | |
| Defendants. | : | |

**Civil Appeals From:** Hamilton County Court of Common Pleas

**Judgments Appealed From Are:** Reversed and Cause Remanded in C-150796, C-160034, C-160157 and C-160182; Appeals Dismissed in C-160053, C-160067, C-160087 and C-160113

**Date of Judgment Entry on Appeal:** December 27, 2017

*The Deters Law Firm, P.S.C.*, *Matthew J. Hammer*, for Plaintiffs-Appellees,

*Dinsmore & Shohl, L.L.P.*, *Jennifer Orr Mitchell*, *Matthew S. Arend* and *Jenna G. Moran*, for Defendant-Appellant The Christ Hospital,

*Dinsmore & Shohl, L.L.P.*, *J. David Brittingham*, *Thomas P. Kemp, Jr.*, and *Allison G. Knerr*, for Defendant-Appellant Cincinnati Children's Hospital Medical Center,

*Bonezzi Switzer Polito & Hupp Co., L.P.A.*, *Paul W. McCartney*, *Jason A. Paskan* and *Thomas F. Glassman*, for Defendant-Appellant Abubakar Atiq Durrani, M.D.

Zᴀʏᴀs, **Judge.**

{¶1}    In these eight consolidated appeals, defendants-appellants The Christ Hospital ("Christ"), Cincinnati Children's Hospital Medical Center ("Children's"), and Abubakar Atiq Durrani, M.D., ("Durrani") appeal from the trial court's December 15, 2015 general order.  In four of these appeals, those involving plaintiffs-appellees Karen Crissinger and Patrick Calligan, we reverse the trial court's judgment and remand the causes for further proceedings.  In the remaining appeals, we hold that there is no justiciable controversy, and dismiss the appeals as moot.

## *Background*

{¶2}    These appeals represent six cases out of over 500 filed against Durrani and the various hospitals he worked for or practiced at.  These cases involve allegations that Durrani convinced the plaintiffs to undergo unnecessary spinal surgery, that he performed the surgery improperly, that he used implants "off-label" causing further problems, that he covered his actions up through fraud and destruction of evidence, and that the hospitals were also liable for his actions.

{¶3}    Several of the plaintiffs filed their claims outside of the limitations period provided in R.C. 2305.113, the "statute of repose" for medical claims.  One such plaintiff, Judith Young, challenged the constitutionality of R.C. 2305.113, as well as the constitutionality of the "peer review immunity" statutes, R.C. 2305.251 and 2305.252.  The trial court in *Young* held these statutes unconstitutional, and also held that most of Young's claims were not "medical claims" subject to the statute of repose, in a September 2, 2015 order.  *Young v. Durrani*, 2016-Ohio-5526, 61 N.E.3d 34, ¶ 6 (1st Dist.).

5

{¶4} Relevant to the appeals before us, the trial court then applied its *Young* holdings to all pending Durrani cases in a December 15, 2015 general order. All of the current appeals were taken from the general order. The appellants in the *Crissinger* case, Christ and Durrani, argue that the trial court erred in holding the statute of repose unconstitutional, and in overruling their respective motions to dismiss and for summary judgment. The appellants in the *Calligan* case, Children's and Durrani, argued the same. The appellant in the remaining cases, Children's, argued that the trial court erred in holding the peer-review immunity statutes unconstitutional.

{¶5} The general order began by informing the parties that the trial court did "not want the parties filing Motions which are not necessary based on these rulings." It then stated that "[a]ll Motions to Dismiss and for Summary Judgment * * * are overruled." Finally, it stated that the "Plaintiffs will be allowed to reference and ask questions regarding what information is unknown/unavailable due to the peer review privilege, as well as, if Durrani ever underwent a peer review process. *The peer review process is privileged*, but not if one took place or not." (Emphasis added.)

{¶6} After the appellants filed their notices of appeal, the appellees gave notice to both the trial court and this court that they were waiving any challenges to the peer-review immunity statutes, and moved the trial court to modify the December 15, 2015 general order to reflect their waiver.

{¶7} On August 26, 2016, we decided *Young*, 2016-Ohio-5526, 61 N.E.3d 34. *Young* reversed the trial court's holding that the statute of repose was unconstitutional, and remanded the cause to the trial court for dismissal of Young's medical claims. *Id.* at ¶ 33. We also held that Young's claims for negligence,

6

negligent credentialing and retention, loss of consortium, fraud, products liability, and violations of the Ohio Consumer Sales Practices Act were "medical claims" subject to the statute of repose. *Id.* at ¶ 20-25. Finally, we held that we lacked jurisdiction to review the trial court's decision as to the peer-review immunity statute. *Id.* at ¶ 12-16.

{¶8}     Following our *Young* decision, the trial court issued an order in all pending Durrani cases on October 21, 2016. It provided, in pertinent part, that the "December 15, 2015 Order shall be applied to all cases with the exception of the rulings on the statute of repose and peer review * * *. This Court will not need to rule on peer review because the Plaintiffs waived it. * * * Plaintiff's Motion to Modify General Order to Reflect Plaintiff's Decision to No Longer Challenge Ohio Peer Review is hereby sustained."

### Assignments of Error

{¶9}     Durrani's sole assignment of error in both the *Crissinger* and *Calligan* appeals is that "the trial court erred in denying appellant's motion for summary judgment, and not dismissing appellee's claims against appellant in their entirety." In the *Crissinger* case, Christ brings two assignments of error: that "the trial court erred by not granting the Christ Hospital's motion to dismiss"; and that "the trial court erred by declaring the statute of repose applicable to medical claims, R.C. 2305.113(C), unconstitutional." In the *Calligan* case only, Children's assignment of error is that "the trial court erred by declaring the statute of repose applicable to medical claims, R.C. 2305.113(C), unconstitutional and denying [its] motion for judgment on the pleadings." In all of its current appeals, Children's' assignment of error is that "the trial court erred by declaring the peer review privilege statute, R.C.

7

2305.252, unconstitutional and by allowing for the unfettered discovery of such material."

{¶10} We will address the *Calligan* and *Crissinger* appeals first, then address the remaining cases.

### *The Calligan and Crissinger Appeals*

{¶11} These cases involve the applicability of the statute of repose for medical claims, R.C. 2305.113. The statute provides that "an action upon a medical * * * claim shall be commenced within one year after the cause of action accrued." R.C. 2305.113(A). It further provides, in subsections (C)(1) and (2), that "[n]o action upon a medical claim * * * claim shall be commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical * * * claim," and that "[i]f an action upon a medical * * * claim is not commenced within four years after the occurrence of the act or omission constituting the alleged basis of the medical * * * claim, then any action upon that claim is barred."

{¶12} In her complaint filed on January 31, 2014, Crissinger alleged that her last date of treatment with Dr. Durrani was in August 2009, so her complaint was filed more than "four years after the occurrence of the act or omission constituting the alleged basis" of the claim. Therefore, her claims are barred if they are medical claims and if the statute of repose is constitutional. *See Young*, 2016-Ohio-5526, 61 N.E.3d 34, at ¶ 10.

{¶13} Calligan's circumstance is different than Crissinger's, because he was under the age of 18 at the time of his surgery, so the "savings statute," R.C. 2305.16, applies to his claims. That statute provides that "if a person entitled to bring any

8

action mentioned in [R.C. 2305.113] * * * is, at the time the cause of action accrues, within the age of minority * * *, the person may bring it within the respective times limited by [R.C. 2305.113], after the disability is removed." Calligan's four-year limitations period therefore did not begin until his 18th birthday. However, the record establishes that Calligan turned 18 on April 5, 2009, and that he filed his complaint more than four years later on February 27, 2014. As a result, the statute of repose applies to bar his medical claims if the statute is constitutional.

{¶14}     *Young* established that the scope of our review in these cases is limited to the trial court's ruling on the statute's constitutionality and issues that were "intertwined" with the trial court's decision. *Young* at ¶ 9.

> Here, that means that we must review first whether the claims are medical claims. If they are not medical claims, the medical statute of repose does not apply, and we do not reach the issue of constitutionality. Conversely, if the claims are medical claims, the statute of repose will apply only if we conclude that it is constitutional. * * * Thus, we will review the trial court's determination that the claims against The Christ Hospital were not medical claims as a part of our review of the constitutionality of the medical statute of repose.

*Id.* at ¶ 10.

{¶15}     As to whether Crissinger's and Calligan's claims are "medical claims," we first look to the statute's definition of "medical claim." R.C. 2305.113(E)(3) defines a medical claim as "any claim that is asserted in any civil action against a physician [or] hospital * * * and that arises out of the medical diagnosis, care, or treatment of any person."   This definition includes:

(a) Derivative claims for relief that arise from the plan of care, medical diagnosis, or treatment of a person;

(b) Claims that arise out of the plan of care, medical diagnosis, or treatment of any person and to which either of the following applies:

(i) The claim results from acts or omissions in providing medical care.

(ii) The claim results from the hiring, training, supervision, retention, or termination of caregivers providing medical diagnosis, care, or treatment.

{¶16} Crissinger brought claims against Christ for negligence, negligent credentialing and retention, fraud, and spoliation of evidence; and brought claims against Durrani for negligence, battery, lack of informed consent, intentional infliction of emotional distress ("IIED"), fraud, and spoliation of evidence. Calligan brought the same claims against Children's and Durrani, except that, against Children's, he brought a claim for vicarious liability rather than a claim for negligence. Crissinger's and Calligan's complaints used nearly identical language in their allegations for each claim.

{¶17} Our previous holding in *Young* established that the claims for negligence, negligent credentialing, and fraud were "medical claims" within the statute of repose, and we follow that holding in these cases. *Young*, 2016-Ohio-5526, 61 N.E.3d 34, at ¶ 20-23. The remaining question is whether claims for battery, lack of informed consent, IIED, vicarious liability, and spoliation of evidence are "medical claims." We hold that they are.

{¶18} The plaintiffs' battery claims alleged that "Dr. Durrani committed battery against plaintiff by performing a surgery that was unnecessary,

10

contraindicated for Plaintiff's medical condition, and for which he did not properly obtain informed consent * * *." Their IIED claims alleged that "Dr. Durrani's conduct as described [in the complaint] was intentional and reckless. It is outrageous and offends against the generally accepted standards of morality." Their lack-of-informed-consent claims alleged that "[t]he informed consent forms from Dr. Durrani * * * failed to fully cover all the information necessary and required for the procedures * * *. No one verbally informed Plaintiff of the information and risks required for informed consent * * *." Finally, Calligan's vicarious-liability claim alleged that "Dr. Durrani was performing within the scope of his employment with Children's Hospital during the care and treatment of Plaintiff. Defendant Children's Hospital is responsible for harm caused by acts of its employees for conduct that was within the scope of employment * * *."

{¶19} These claims were all asserted against a physician or hospital and "ar[ose] out of the medical diagnosis, care, or treatment of" the plaintiffs. They are therefore "medical claims" subject to the limitations period in the statute of repose. *See Young* at ¶ 23 (holding that "an allegation of lack of informed consent" in the context of a purported fraud claim is a "medical claim" under R.C. 2305.113(E)).

{¶20} Conversely, plaintiffs' spoliation-of-evidence claims alleged that Durrani, Christ, and Children's "willfully altered, destroyed, delayed, hid, modified and/or spoiled Plaintiff's records, billing records, paperwork and related evidence * * * with knowledge that there was pending or probable litigation involving Plaintiff." These claims did not "arise[] out of the medical diagnosis, care, or treatment of" the plaintiffs, and therefore are not "medical claims."

{¶21} Having determined which of the plaintiffs' claims are medical claims, we now turn to the question of whether the statute of repose is constitutional. We

11

have already held that it is. *Young* at ¶ 32. The Ohio Supreme Court has also held that the statute is constitutional. *Ruther v. Kaiser*, 134 Ohio St.3d 408, 2012-Ohio-5686, 983 N.E.2d 291, syllabus; *Antoon v. Cleveland Clinic Found.*, 148 Ohio St.3d 483, 2016-Ohio-7432, 71 N.E.3d 974, ¶ 34-35.

{¶22} Plaintiffs urge us to revisit *Young* and hold that the statute of repose is unconstitutional without a fraud exception. We decline this invitation for two reasons. First, the Supreme Court has twice ruled that the statute of repose is constitutional as written, and, in *Antoon*, did so after we had decided *Young.* We are simply not at liberty to overrule the Supreme Court. *Young* at ¶ 29.

{¶23} Second, to support their argument, plaintiffs point us to other jurisdictions that have adopted fraud exceptions to their statutes of repose. However, in each of these jurisdictions, the exceptions have been added by the legislature, not the judiciary. "It is our duty to apply the statute as the General Assembly has drafted it; it is not our duty to rewrite it," even to cure a perceived omission. *Doe v. Marlington Local School Dist. Bd. of Edn.*, 122 Ohio St.3d 12, 2009-Ohio-1360, 907 N.E.2d 706, ¶ 29; *Schlueter v. Cleveland Bd. of Ed.*, 12 Ohio Misc. 186, 199, 230 N.E.2d 364 (C.P.1960) ("[A statute's] undesirable consequences do not justify a departure from the terms of the act as written, and the courts may not supply a casus omissus however desirable it may be to supply the omitted provision.").

{¶24} Furthermore, the General Assembly has adopted fraud exceptions for other statutes of repose, e.g., R.C. 2305.131(C), but not for the statute of repose for medical claims. This demonstrates that the General Assembly has chosen not to create a fraud exception for medical claims. *See Hulsmeyer v. Hospice of Southwest Ohio, Inc.*, 142 Ohio St.3d 236, 2014-Ohio-5511, 29 N.E.3d 903, ¶ 26.

{¶25} In short, the statute of repose applies to bar Crissinger's and Calligan's medical claims, and the trial court erred in holding otherwise. *See Young* at ¶ 33.

### The Remaining Appeals

{¶26} The remaining appeals present a threshold issue of justiciability that we must address: specifically, whether the appeals are moot. "Mootness is a question of justiciability, and '[j]urisdiction and justiciability are threshold considerations in every case, without exception.' " *Saqr v. Naji*, 1st Dist. Hamilton No. C-160850, 2017-Ohio-8142, ¶ 20, quoting *Barrow v. New Miami*, 2016-Ohio-340, 58 N.E.3d 532, ¶ 12 (12th Dist.).

{¶27} The only issue in the remaining four appeals is whether the trial court erred in holding that the peer-review immunity statutes were unconstitutional. However, shortly after these appeals were filed, the plaintiffs filed notices in this court and in the trial court stating that they no longer intended to challenge the constitutionality of the peer-review immunity statutes. Furthermore, the trial court's October 21, 2016 order modified the general order to reflect the plaintiffs' decision to no longer challenge the statutes' constitutionality, so peer-review immunity is no longer an issue in these cases.

{¶28} Under these circumstances, there is no longer a live and active controversy between the parties, and these appeals are therefore moot. *Ardire v. Westlaw City Council*, 8th Dist. Cuyahoga No. 99347, 2013-Ohio-3533, ¶ 3 ("If events transpire post-judgment that make it impossible for an appellate court to grant any effectual relief, the appellate court has nothing to decide and the appeal is rendered moot."); *In re Atty. Gen.'s Subpoena*, 11th Dist. Geauga No. 2009-G-2916, 2010-Ohio-476, ¶ 11 (appeal mooted where appellee withdrew the subpoena that

13

resulted in the trial court's denial of appellant's motion to quash). We therefore dismiss these appeals.

## Conclusion

{¶29}    In the appeals numbered C-150796, C-160034, C-160157, and C-160182, we sustain the appellants' assignments of error, reverse the trial court's judgment to the extent it held the statute of repose unconstitutional and to the extent that it denied the appellants' motions to dismiss the medical claims, and remand these causes for dismissal of the medical claims against the appellants and for further proceedings consistent with the law and this opinion. We dismiss the appeals numbered C-160053, C-160067, C-160087, and C-160113 as moot.

Judgment accordingly.

.

MOCK, P.J., and HANDWORK, J., concur.

PETER M. HANDWORK, retired, from the Sixth Appellate District, sitting by assignment.

Please note:

This court has recorded its own entry this date.