[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Rogers v. Eppinger,* Slip Opinion No. 2018-Ohio-4058.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-4058

ROGERS, APPELLANT, *v.* EPPINGER, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Rogers v. Eppinger,* Slip Opinion No. 2018-Ohio-4058.]

*Habeas Corpus—R.C. 2969.25(C)—Failure to document balance of inmate account for six months preceding filing of petition—Court of appeals' dismissal of petition affirmed.*

(No. 2017-1644—Submitted April 10, 2018—Decided October 9, 2018.)

APPEAL from the Court of Appeals for Lorain County, No. 17CA011193.

_____

**Per Curiam.**

{¶ 1} Appellant, Willie J. Rogers, appeals the judgment of the Ninth District Court of Appeals dismissing his petition for a writ of habeas corpus. We affirm.

*Background*

{¶ 2} On June 9, 1983, Rogers was convicted of two counts of kidnapping and three counts of gross sexual imposition in Cuyahoga County Common Pleas

Court case No. CR-82-176974. The trial judge imposed an aggregate prison term of 20 to 65 years. Rogers's sentence was subsequently modified to 15 to 65 years.

{¶ 3} On August 17, 1992, Rogers was granted parole, effective December 2, 1992. However, on November 24, 1992, the Ohio Department of Rehabilitation and Correction ("ODRC") informed Rogers that he would be released into the custody of the Maricopa County (Arizona) Sheriff's Department and that his reporting obligations in Ohio would begin once Arizona released him from custody. ODRC also notified Rogers that his Ohio reporting obligations would continue for at least two years.

{¶ 4} Arizona received custody of Rogers in December 1992 and released him in December 1996. However, it appears that Rogers failed to report his whereabouts to the state of Ohio, as required by the terms of his release. Rogers was declared a parole violator on August 1, 2003.

{¶ 5} On July 12, 2013, an Ohio arrest warrant was issued for Rogers for violating the conditions of his parole. On June 18, 2015, Governor John Kasich signed an extradition request to the state of California for the return of Rogers. Rogers was returned to the custody of Ohio on July 30, 2015. He received a parole hearing on July 25, 2017 and was denied an early release.

{¶ 6} On September 1, 2017, Rogers filed a complaint in the Ninth District Court of Appeals seeking a writ of habeas corpus against appellee, Grafton Correctional Institution Warden LaShann Eppinger. He raised two arguments against his reincarceration in Ohio: (1) that he never received notice of his Ohio reporting obligations upon release from custody in Arizona and that he never agreed to those conditions and (2) that due to the length of time that had passed since Rogers was released on parole by the Adult Parole Authority, the state of Ohio was estopped from pursuing him for a technical parole violation. He also averred that he *did* attempt to report to Ohio but was told that there was no record of him being on parole.

**{¶ 7}** On October 10, 2017, the court of appeals sua sponte dismissed the petition due to Rogers's failure to abide by the mandatory filing requirements of R.C. 2969.25. When an inmate files a civil action or appeal against a government entity or employee in a court of common pleas, court of appeals, county court, or municipal court, he must comply with the procedural requirements contained in R.C. 2969.25. R.C. 2969.25(C)(1) specifies that when an inmate files a civil suit against a government official and seeks a waiver of the filing fees, the inmate must file an affidavit that contains the monetary balance in the inmate's account for each of the preceding six months as certified by the institutional cashier. The account statement submitted by Rogers covered the six months between January 1, and July 1, 2017, but it did not have any information for the two months immediately preceding the filing of the petition.

**{¶ 8}** Rogers appealed.

*Analysis*

**{¶ 9}** In his first proposition of law, Rogers argues that we should excuse his noncompliance with the "petty" technical requirements of R.C. 2969.25(C). However, R.C. 2969.25(C) "[does not] permit substantial compliance." *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, 894 N.E.2d 47, ¶ 4. "The requirements of R.C. 2969.25 are mandatory and failure to comply with them requires dismissal of an inmate's complaint." *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, 17 N.E.3d 581, ¶ 4.

**{¶ 10}** In his second proposition of law, Rogers challenges the constitutionality of the statute on its face and as applied, summarily asserting that R.C. 2969.25 is "unconstitutionally vague, ambiguous, and overbroad" and is "arbitrarily applied." But his conclusory statements do not "rebut the presumed constitutionality of the statute." *State ex rel. Evans v. McGrath*, 151 Ohio St.3d 345, 2017-Ohio-8290, 88 N.E.3d 957, ¶ 6 (rejecting constitutional challenge to

R.C. 2969.25(C)(1) filing requirements); *accord Boles v. Knab*, 129 Ohio St.3d 222, 2011-Ohio-2859, 951 N.E.2d 389, ¶ 3 (same).

{¶ 11} Although Rogers also attempts to argue that the state of Ohio has no authority to keep him confined, the merits of any underlying claims in his habeas petition are not properly before this court.

{¶ 12} We hold that the court of appeals properly dismissed Rogers's petition for failure to attach the statement of his inmate account that is required by R.C. 2969.25(C).

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

KENNEDY, J., concurs in judgment only.

_____

Willie J. Rogers, pro se.

Michael DeWine, Attorney General, and Maura O'Neill Jaite, Assistant Attorney General, for appellee.

_____