[Cite as *Grayson v. Cleveland Clinic Found.*, 2022-Ohio-1668.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

ELIZABETH GRAYSON, ET AL.,                   :

    Plaintiffs-Appellants,          :

                               No. 110684

    v.                              :

CLEVELAND CLINIC
FOUNDATION, ET AL.,                          :

    Defendants-Appellees.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 19, 2022

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-21-943139

---

### *Appearances:*

Bashein & Bashein Co., L.P.A., and William Craig Bashein;
Paul W. Flowers Co., Paul W. Flowers and Louis E. Grube,
*for appellants*.

Reminger Co., L.P.A., Erin Siebenhar Hess, Brian D.
Sullivan, and Jessica O. Hamad, *for appellees*.

SEAN C. GALLAGHER, A.J.:

{¶ 1} Elizabeth ("Grayson") and Shaun Grayson (collectively "Graysons") appeal the dismissal of their action against Cleveland Clinic Foundation, Cleveland Clinic, Cleveland Clinic Akron General, Esther Rehmus, M.D., John Pedersen, M.D., and Mary Murray, M.D. (collectively "Cleveland Clinic"), as being time-barred under the four-year statute of repose enacted under R.C. 2305.113(C). For the following reasons, we affirm.

{¶ 2} The allegations in this case are sparse, with the complaint containing no allegations of operative facts beyond identification of the parties and two pertinent dates. In July 2014, Grayson underwent medical treatment furnished by Cleveland Clinic, but she did not discover a potential negligence claim until five years later. The Graysons alleged that the discovery was hindered by Cleveland Clinic's "negligent" or "intentional" failure to advise of the negligence in Grayson's care and treatment. No one has elaborated on those allegations that mostly consist of legal conclusions. *Maternal Grandmother, ADMR v. Hamilton Cty. Dept. of Job & Family Servs.*, Slip Opinion No. 2021-Ohio-4096, ¶ 29 (in considering a complaint under Civ.R. 12, "unsupported legal conclusions are not entitled to any presumption of truth" and "speculation, unsupported by operative facts, is not enough to state a claim").[1] Cleveland Clinic was allegedly served with a 180-day

---

[1] Cleveland Clinic has not preserved this issue for our current review, although the failure-to-state-a-claim defense was asserted in the answer. We note this issue only because without the allegations of operative fact, our review of this case and our ability to provide a recitation of the underlying allegations of fact are limited.

notice under R.C. 2305.113(B)(1) preceding the January 2021 filing of the complaint. Concurrent with the filing of the complaint, the Graysons also filed a motion for a 90-day extension of time to file the affidavit of merit as required under Civ.R. 10(D)(2)(b). No affidavit of merit was filed in the underlying action.

{¶ 3} In response to the complaint, Cleveland Clinic filed (1) a motion to stay discovery pending the production of the affidavit of merit that is required to support a well-pleaded complaint under *Fletcher v. Univ. Hosps. of Cleveland*, 120 Ohio St.3d 167, 2008-Ohio-5379, 897 N.E.2d 147, ¶ 10, and *Erwin v. Bryan*, 125 Ohio St.3d 519, 2010-Ohio-2202, 929 N.E.2d 1019, ¶ 19; (2) an answer generally denying the allegations of the complaint and advancing affirmative defenses including the statute of repose set forth in R.C. 2305.113; and (3) a motion for judgment on the pleadings under Civ.R. 12(C) claiming that action was time-barred. The trial court dismissed the action based on the four-year statute of repose, expressly citing the time period as alleged in the complaint. Implicitly, the trial court rejected the Graysons' claims that the statute of repose for medical malpractice actions was unconstitutional as applied to the particular facts of the case.

{¶ 4} In this appeal, the Graysons advance two assignments of error: (1) that the trial court erred by granting the judgment on the pleadings in Cleveland Clinic's favor; and (2) that the trial court erred by ruling on the motion before permitting the Graysons the opportunity to conduct discovery to develop the factual record upon which their constitutional claims rest. Both assigned errors are related.

{¶ 5} Appellate review of a judgment on the pleadings is de novo. *New Riegel Local School Dist. Bd. of Edn. v. Buehrer Group Architecture & Eng., Inc.*, 157 Ohio St.3d 164, 2019-Ohio-2851, 133 N.E.3d 482, ¶ 8. Under Civ.R. 12(C), after construing all material allegations and all reasonable inferences drawn therefrom, if it appears beyond doubt that the nonmoving party can prove no set of facts that would entitle him or her to relief, dismissal is the appropriate remedy. *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996). Under Civ.R. 12(H)(2), a motion to dismiss for failure to state a claim upon which relief can be granted may be advanced in a motion for judgment on the pleadings. It is for this reason that a motion filed under Civ.R. 12(C) has been characterized as a "belated Civ.R. 12(B)(6)" motion. *State ex rel. Pirman v. Money*, 69 Ohio St.3d 591, 592, 635 N.E.2d 26 (1994).

{¶ 6} Under Ohio law, the statute of limitations is an affirmative defense. Civ.R. 8(C). The statute of repose, similar to the statute of limitations, "presents a mixed question of law and fact; when a cause of action accrues is a question of fact, but in the absence of a factual issue, application of the limitations period is a question of law." *Schmitz v. NCAA*, 155 Ohio St.3d 389, 2018-Ohio-4391, 122 N.E.3d 80, ¶ 11, citing *Wells v. C.J. Mahan Constr. Co.*, 10th Dist. Franklin Nos. 05AP-180 and 05AP-183, 2006-Ohio-1831, ¶ 25, citing *Cyrus v. Henes*, 89 Ohio App.3d 172, 175, 623 N.E.2d 1256 (9th Dist.1993), *rev'd on other grounds*, 70 Ohio St.3d 640, 640 N.E.2d 810 (1994). "[T]he difficulty of successfully asserting an

affirmative defense in a Civ.R. 12(B)(6) motion to dismiss" had been "long recognized[.]" *Schmitz* at ¶ 41 (Kennedy, J., concurring in part).

{¶ 7} Affirmative defenses generally rely on consideration of evidence outside the complaint, and as a result, those defenses typically cannot be successfully raised in a Civ.R. 12(B)(6) motion. *Schmitz* at ¶ 41-42 (Kennedy, J., concurring in part), quoting *Main v. Lima*, 3d Dist. Allen No. 1-14-42, 2015-Ohio-2572, ¶ 14, and *Savoy v. Univ. of Akron*, 10th Dist. Franklin No. 11AP-183, 2012-Ohio-1962, ¶ 6-7 (noting that "the better procedure is to address affirmative defenses by way of a motion for summary judgment that will allow introduction of additional facts beyond the complaint"). "A motion to dismiss based upon a statute of limitations[, however] may be granted when the *complaint shows conclusively on its face* that the action is time-barred." (Emphasis added.) *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 11, citing *Velotta v. Leo Petronzio Landscaping, Inc.*, 69 Ohio St.2d 376, 433 N.E.2d 147 (1982), paragraph three of the syllabus; *see also Maitland v. Ford Motor Co.*, 103 Ohio St.3d 463, 2004-Ohio-5717, 816 N.E.2d 1061, ¶ 11. That same concept applies equally to cases implicating the statute of repose. It has been recognized, however, that a plaintiff is not required to plead with specificity to avoid application of the statute of limitations. *Warren v. Estate of Durham*, 9th Dist. Summit No. 25624, 2011-Ohio-6416, ¶ 6, citing *Irvin v. Am. Gen. Fin., Inc.*, 5th Dist. Muskingum No. CT2004-0046, 2005-Ohio-3523, ¶ 29, fn. 11.

{¶ 8} In this case, there is no dispute that the Graysons filed the complaint six and one-half years after the conduct giving rise to the allegations of medical malpractice. Under R.C. 2305.113(C), "[n]o action upon a medical, dental, optometric, or chiropractic claim shall be commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical, dental, optometric, or chiropractic claim" unless the person is within the age of minority or is of unsound mind. The action is time-barred unless (1) the person could not have discovered the occurrence of the act or omission within three years, but in the exercise of reasonable care and diligence or occurrence discovers the act or omission before the expiration of the four-year period; or (2) the claim involves a foreign object left in the person's body. R.C. 2305.113(D)(1)-(2). If the person commencing the action can demonstrate the later of either exception by clear and convincing evidence, the person has an additional year to file their claim from the date of discovery. *Id.*

{¶ 9} The sole question advanced in this case is whether on the face of a complaint that conclusively demonstrates that the action is time-barred under R.C. 2305.113(C), the legislative omission of a fraud exception renders the medical malpractice statute of repose unconstitutional as applied, or whether that plaintiff is entitled to discovery to produce evidence demonstrating the fraud before the trial court renders a decision on the constitutional question. We need not address whether discovery is necessary. In light of the allegations in the complaint, we must accept as true the allegation that a fraud in the omission was committed, irrespective

of the lack of the particular factual allegations supporting that legal conclusion. Obtaining evidence demonstrating the fraud would only prove what must be assumed in light of the procedural posture of this case. As a result, our review in this case is limited to determining whether the plaintiff's action is time-barred based on R.C. 2305.113(C) or whether that provision is unconstitutional as applied to the Graysons. The answer to that legal question is one that we review de novo.

{¶ 10} A statute may be challenged as being facially unconstitutional, or unconstitutional as applied to the particular party. *Simpkins v. Grace Brethren Church of Delaware*, 149 Ohio St.3d 307, 2016-Ohio-8118, 75 N.E.3d 122, ¶ 21, citing *Arbino v. Johnson & Johnson*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶ 26. If there is no conceivable set of circumstances in which the statute would be valid, the statutory provision is facially unconstitutional. *Id.* "An as-applied challenge, on the other hand, alleges that application of the statute in a particular factual context is unconstitutional." *Id.*, citing *Yajnik v. Akron Dept. of Health, Hous. Div.*, 101 Ohio St.3d 106, 2004-Ohio-357, 802 N.E.2d 632, ¶ 14, and *Ada v. Guam Soc. of Obstetricians & Gynecologists*, 506 U.S. 1011, 113 S.Ct. 633, 121 L.Ed.2d 564 (1992) (Scalia, J., dissenting). Concluding that a statutory provision "is unconstitutional as applied prevents future application of the statute in a similar context, but it does not render the statute wholly inoperative." *Id.*, citing *Yajnik* at ¶ 14 and *Ada* (Scalia, J., dissenting). "A party raising an as-applied constitutional challenge must prove by clear and convincing evidence that the statute is

unconstitutional when applied to an existing set of facts." *Id.* at ¶ 22, citing *Groch v. Gen. Motors Corp.*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 181.

{¶ 11} When addressing constitutional challenges, courts must remain mindful that all statutes have a strong presumption of constitutionality. *Arbino* at ¶ 25; *Sorrell v. Thevenir*, 69 Ohio St.3d 415, 419, 633 N.E.2d 504 (1994), citing *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142, 128 N.E.2d 59 (1955), paragraph one of the syllabus; *Jones v. MetroHealth Med. Ctr.*, 2017-Ohio-7329, 89 N.E.3d 633, ¶ 63 (8th Dist.). Whether advanced as a facial or an as-applied challenge to the constitutional validity of a statute, conclusory statements in and of themselves do not "'rebut the presumed constitutionality of the statute.'" *Rogers v. Eppinger*, 154 Ohio St.3d 189, 2018-Ohio-4058, 112 N.E.3d 902, ¶ 10, citing *State ex rel. Evans v. McGrath*, 151 Ohio St.3d 345, 2017-Ohio-8290, 88 N.E.3d 957, ¶ 6.

{¶ 12} R.C. 2305.113 does not include a fraud exception to the discovery of the potential medical malpractice claim. The legislature has enacted some form of a fraud exception to other statutes of repose throughout the Revised Code. *See, e.g.,* R.C. 2125.02(D)(2)(b) (wrongful death statute of repose); R.C. 2305.10(C)(2) (product liability statute of repose); R.C. 2305.131(C) (improvements to real property). "The Ohio Supreme Court has repeatedly emphasized that the statute of repose should be interpreted according to its text, because the 'plain language of the statute is clear, unambiguous, and means what it says.'" *Levandofsky v. Abubakar Atiq Durrani*, 6th Cir. No. 20-4104, 2021 U.S. App. LEXIS 32232, at 11 (Oct. 27, 2021), citing *Antoon v. Cleveland Clinic Found.*, 148 Ohio St.3d 483, 2016-Ohio-

7432, 71 N.E.3d 974. Thus, R.C. 2305.113(C) "is constitutional both when it extinguishes a vested and a nonvested cause of action." *Antoon* at ¶ 29. A medical-malpractice claim vests upon the earlier of the discovery of the resulting injury, or when the injury should have been discovered through reasonable diligence, so in this case, the Graysons had a nonvested cause of action for medical malpractice upon the expiration of the statute of repose. *Id.* at ¶ 28.

{¶ 13} *Antoon* involved constitutional challenges implicating the right-to-remedy clause of the Ohio Constitution. Although the argument was limited to challenging the validity of the statute, the Ohio Supreme Court's conclusion is broad — R.C. 2305.113(C) is constitutional as applied to a nonvested cause of action. This has led some courts to conclude that the legislative omission of a fraud exception under R.C. 2305.113(C) does not render the statute unconstitutional. *Levandofsky* at 11 (collecting cases); *Freeman v. Durrani*, 2019-Ohio-3643, 144 N.E.3d 1067, ¶ 9 (1st Dist.), citing *Crissinger v. Christ Hosp.*, 2017-Ohio-9256, 106 N.E.3d 798 (1st Dist.). Underlying that rationale is the well-settled notion that an appellate court's duty is "'to apply the statute as the General Assembly has drafted it; it is not our duty to rewrite it,' even to cure a perceived omission." *Crissinger* at ¶ 23, quoting *Doe v. Marlington Local School Dist. Bd. of Edn.*, 122 Ohio St.3d 12, 2009-Ohio-1360, 907 N.E.2d 706, ¶ 29, and S*chlueter v. Cleveland Bd. of Edn.*, 12 Ohio Misc. 186, 199, 230 N.E.2d 364 (C.P.1960) ("'[A statute's] undesirable consequences do not justify a departure from the terms of the act as written, and the courts may not supply a casus omissus however desirable it may be to supply the omitted provision.'").

{¶ 14} The Graysons claim that the omission of a fraud exception to R.C. 2305.113(C) denies them of their due process rights guaranteed under Article I, Section 16 of the Ohio Constitution, their right to equal protection under Section 1 of the Fourteenth Amendment of the federal Constitution, or their right to a trial by jury under Article 1, Section 5 of the Ohio Constitution. Each claim will be addressed in turn.

{¶ 15} The Graysons' first argument claims that "Article I, Section 16 of the Ohio Constitution guarantees due process of law and requires all legislation to have 'a real and substantial relation to the public health, safety, morals or general welfare' and 'not be unreasonable or arbitrary.'" Appellants' brief, p.8, quoting *Benjamin v. Columbus*, 167 Ohio St. 103, 110, 146 N.E.2d 854 (1957) (defining the scope of the police powers under Article XVIII, Section 3 of the Ohio Constitution).[2] In this argument, the Graysons are interposing a challenge against the state's police powers into the due process rights established under Article I, Section 16. We need not consider any argument pertaining to Article XVIII, Section 3 of the Ohio Constitution. The Graysons have not demonstrated that R.C. 2305.113 implicates the exercise of police powers under Article XVIII, Section 3 of the Ohio Constitution. App.R. 16(A)(7).

---

[2] Although the Ohio Supreme Court cited *Benjamin* for the origins of the due process claims advanced *Mominee v. Scherbarth*, 28 Ohio St.3d 270, 274, 503 N.E.2d 717 (1986), in which an earlier version of the medical malpractice statute of repose was declared to be unconstitutional pursuant to Article I, Section 16 , no other court has relied on the police powers clause of the Ohio Constitution to form the basis of the due process arguments raised against subsequent versions of this medical malpractice statute of repose. *See, e.g., Antoon*, 148 Ohio St.3d 483, 2016-Ohio-7432, 71 N.E.3d 974, ¶ 20.

{¶ 16} Article I, Section 16 of the Ohio Constitution, as generally relied upon by the Graysons, provides: "All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay." *Id.* This one provision contains three important constitutional principles — "open courts," "right to remedy," and "due course of law." *Ruther v. Kaiser*, 134 Ohio St.3d 408, 2012-Ohio-5686, 983 N.E.2d 291, ¶ 10 (overruling *Hardy v. Vermeulen*, 32 Ohio St.3d 45, 47, 512 N.E.2d 626 (1987), and declaring that the legislative extinguishment of a nonvested right does not violate the right-to-remedy clause); *see also Antoon,* 148 Ohio St.3d 483, 2016-Ohio-7432, 71 N.E.3d 974, at ¶ 26 (declaring that the extinguishment of a vested claim for medical malpractice under R.C. 2305.113(C) does not violate the right-to-remedy clause of the Ohio Constitution).

{¶ 17} The Graysons present no arguments attempting to distinguish *Antoon* and *Ruther*, both of which concluded that R.C. 2305.113(C) does not violate the "right to remedy" provision, other than to disclaim any constitutional challenge under the guarantee of open courts under Article 1, Section 16 of the Ohio Constitution. App.R. 16(A)(7). Although *Ruther* tangentially addressed the open courts provision, the court only discussed the right-to-remedy provision of Article I, Section 16 of the Ohio Constitution. The Graysons' attempt to distinguish those cases is, therefore, of no avail.

{¶ 18} And, inasmuch as the Graysons have attempted to raise the "due course of law" provision of Article I, Section 16, which is considered under the

general due process provisions of the federal Constitution, we note that no arguments have been presented in support of substantive due process rights or fundamental fairness, other than short conclusory statements. *See, e.g.*, *State v. Aalim*, 150 Ohio St.3d 489, 2017-Ohio-2956, 83 N.E.3d 883, ¶ 15-22 (discussing the specific due process analysis related to Article I, Section 16 of the Ohio Constitution). The Graysons' arguments on this point are limited to their conclusion that because other statutes include a fraud exception within other statutes of repose, R.C. 2305.113(C) must also include the same and to declare otherwise creates a class of plaintiffs that cannot avail themselves of the right to pursue a medical negligence claim. The legislature's decision to exclude the fraud exception from R.C. 2305.113(C) despite its inclusion in other sections is within the legislative purview. "Had the General Assembly intended the saving statute to provide an extension of the medical statute of repose, it would have expressly said so in R.C. 2305.113(C), as it did in" other statutory sections. *Wilson v. Durrani*, 164 Ohio St.3d 419, 2020-Ohio-6827, 173 N.E.3d 448, ¶ 38. And the exclusion of a class of persons not able to avail themselves of a medical malpractice cause of action implicates the Equal Protection Clause, which will be addressed in further detail.

{¶ 19} As a result with respect to Article I, Section 16 of the Ohio Constitution, conclusory statements, such as a general invocation of one's due process rights as advanced by the Graysons, are insufficient to overcome the presumption that a statute is constitutional. *Rogers,* 154 Ohio St.3d 189, 2018-Ohio-4058, 112 N.E.3d 902, at ¶ 10, citing *McGrath*, 151 Ohio St.3d 345, 2017-Ohio-

8290, 88 N.E.3d 957, ¶ 6. The Graysons have not demonstrated any reasons to stray from the Ohio Supreme Court's conclusion that R.C. 2305.113(C) does not violate Article 1, Section 16 of the Ohio Constitution. *Antoon* at ¶ 29; *Ruther* at ¶ 35. We overrule the Graysons' arguments grounded from Article I, Section 16 of the Ohio Constitution.

{¶ 20} With respect to the equal protection discussion, the Graysons' claims that R.C. 2305.113(C) as applied to them violates the Fourteenth Amendment to the federal Constitution, providing that no state shall "deny to any person within its jurisdiction the equal protection of the laws" and Article I, Section 2 of the Ohio Constitution. According to the Graysons, R.C. 2305.113(C) lacks any rational basis supporting the legislative enactment because it deprives a class of plaintiffs the opportunity to pursue a medical-negligence claim. The Ohio Supreme Court has concluded otherwise. *Ruther*, 134 Ohio St.3d 408, 2012-Ohio-5686, 983 N.E.2d 291, ¶ 19-21 (concluding that the General Assembly had a rational basis to enact its policy decision limiting the time within which a medical malpractice action can be pursued); *see also Morris v. Savoy*, 61 Ohio St.3d 684, 689, 576 N.E.2d 765 (1991) (medical malpractice claims do not involve a fundamental right or suspect class so that any equal protection analysis is limited to the rational-basis test).

{¶ 21} In support of their equal protection claims, the Graysons exclusively rely on *Gaines v. Preterm-Cleveland, Inc.*, 33 Ohio St.3d 54, 55, 514 N.E.2d 709 (1987), in which the Ohio Supreme Court concluded that a knowing misrepresentation of material fact concerning a patient's condition constituted a

fraud independent from a medical malpractice claim and the version of R.C. 2305.11(B) then in effect was unconstitutional with respect to claims that vest within the statute of repose, but with less than a year to perfect the action. *Id.* at paragraphs one and two of the syllabus. According to the Graysons, the *Gaines* Court's conclusion that "no reasonable grounds can be conceived which would justify denying a full year for filing a claim to a single class of litigants based solely on when they were able to discover the existence of the claim" should be applied in their case. *Gaines* is no longer controlling authority for two reasons.

{¶ 22} First and foremost, the *Gaines* court's conclusion has been overruled in *Antoon* and *Ruther.* The combined reading of those later cases stands for the well-settled conclusion that the legislature is permitted to enact a statute of repose that extinguishes both a vested and a nonvested claim for medical malpractice, which invariably denies a class of litigants a full year to file their claim upon discovery. *Ruther* at ¶ 35; *Antoon*, 148 Ohio St.3d 483, 2016-Ohio-7432, 71 N.E.3d 974, at ¶ 35. In other words, what once was deemed "inconceivable" has now become legal dogma. Second, *Gaines* primarily drew from *Hardy*, 32 Ohio St.3d 45, 512 N.E.2d 626, for its analysis, which was expressly overruled in *Ruther.* In short, we cannot sustain the Graysons' argument — doing so would put this court in conflict with binding precedent.

{¶ 23} And finally, the Graysons claim that applying R.C. 2305.113(C) in their situation would deny their right to a trial by jury under Article 1, Section 5 of the Ohio Constitution because the statute of repose is similar to the right-to-jury

arguments presented with respect to cases dealing with the satisfaction of a judgment (*Galayda v. Lake Hosp. Sys.*, 71 Ohio St.3d 421, 644 N.E.2d 298 (1994)) and damage caps (*Lindenberg v. Jackson Natl. Life Ins. Co.*, 912 F.3d 348, 363-370 (6th Cir.2018)). No analysis has been provided explaining the connection between a statute of repose and cases involving the award of damages. App.R. 16(A)(7). We decline to provide any such analysis of our own accord. *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 19. But regardless, the right to a jury trial under the Ohio Constitution is limited to the right to "demand that the issues of fact therein be tried by a jury." *Arbino*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, at ¶ 34, quoting *Dunn v. Kanmacher*, 26 Ohio St. 497, 502-503 (1875). Applying a statute of repose as a matter of law does not infringe on the Graysons' right to have a jury resolve the factual dispute should their claims proceed to trial. Under that broad of a claim as advanced by the Graysons, no court could constitutionally dispose of a case before trial without interfering with a plaintiff's right to a jury.

{¶ 24} Having overruled the arguments presented for our review, we cannot conclude that the Graysons have rebutted the constitutional validity of the statute of repose under R.C. 2305.113(C) for the purpose of refuting Cleveland Clinic's claim that R.C. 2305.113(C) conclusively applied based on the allegations contained within the four corners of the complaint. In light of that, and from the face of the complaint, the Graysons filed their action six and one-half years after the date of the alleged

medical malpractice; their claims are time-barred under an unambiguous reading of R.C. 2305.113(C).  We affirm.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule  27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

LISA B. FORBES, J., CONCURS IN JUDGMENT ONLY WITH SEPARATE OPINION;
JAMES A. BROGAN, J.,* DISSENTS WITH SEPARATE OPINION

*(Sitting by assignment:  James A. Brogan, J., retired, of the Second District Court of Appeals.)

LISA B. FORBES, J., CONCURRING IN JUDGMENT ONLY WITH SEPARATE OPINION:

{¶ 25} While I agree with the lead opinion that the trial court correctly granted the Cleveland Clinic's motion for judgment on the pleadings, I write separately because I would apply a different analysis to arrive at that conclusion.

{¶ 26} The Graysons' complaint, which was filed on January 20, 2021, includes precious few assertions of fact.  After identifying the parties, the Graysons allege that "In July of 2019, Plaintiffs discovered for the first time, that [the

Cleveland Clinic was] negligent in [its] care and treatment of Plaintiff Elizabeth Grayson in July of 2014 and had negligently and/or intentionally failed to advise her of their negligence in her care and treatment." Based on these allegations, the Graysons brought a three-count complaint for medical malpractice, loss of consortium, and punitive damages.

{¶ 27} Ohio's statute of repose, R.C. 2305.113(C), sets an outside time limit for when a medical malpractice claim must be filed — no later than four years after the treatment giving rise to the claim. The Cleveland Clinic filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C), arguing that, based on the allegations in the complaint, the Graysons' medical malpractice claim was barred by the statute of repose. The trial court agreed.

{¶ 28} The Ohio Supreme Court has held that a "motion to dismiss based upon a statute of limitations may be granted when the complaint shows conclusively on its face that the action is time-barred." *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 11. I would apply this reasoning to a motion for judgment on the pleadings based on a statute of repose.

{¶ 29} Here, the Graysons averred that in July 2014, the Cleveland Clinic was negligent in its care and treatment of Grayson; in July 2019, they discovered the Cleveland Clinic's negligence; and the Cleveland Clinic failed to advise Grayson of its negligence. The Graysons filed their complaint in January 2021, six years and four months after the alleged treatment and over two years after the statute of repose ran.

{¶ 30} The Graysons did not dispute that the plain language of the statute of repose barred their claim. Instead, in opposition to the Cleveland Clinic's Civ.R. 12(C) motion, the Graysons asserted that after discovery, they "intend to argue that the Medical Malpractice Statute of Repose, R.C. 2305.113(C), violates the Ohio Constitution in several significant respects as applied to this particular case." The Graysons also asserted that Grayson's allegedly negligent treatment was "covered-up" and that they "expect to establish once discovery has been completed that one or more of the Defendants intentionally misled them into believing that nothing was amiss and they had no reason to be concerned with the competency of the care that had been provided."

{¶ 31} Likewise, in their appeal, the Graysons argue that "where the healthcare providers deliberately misled their patients and concealed the mistakes they know were committed, the four-year statute of repose cannot be enforced."

{¶ 32} Notably, the assertions of a "cover-up" and intentional misleading appear nowhere in the complaint. Instead, the complaint simply claims that the Cleveland Clinic "negligently and/or intentionally failed to advise [Grayson] of [its] negligence." The complaint does not assert that the "failure to advise" interfered with Grayson's ability to discover, through the exercise of reasonable diligence, that the Cleveland Clinic had been negligent in its care or treatment of her. The complaint does not allege that the Cleveland Clinic covered anything up or that it asserted anything that misled the Graysons.

{¶ 33} Under the facts alleged in this case, I would not reach the merits of the Graysons' purported as-applied challenge to the constitutionality of the statute of repose. The Graysons did not plead facts in the complaint that call into question the constitutionality of the statute of repose.

JAMES A. BROGAN, J., DISSENTING:

{¶ 34} I must respectfully dissent. None of the Supreme Court cases cited in the lead opinion stand for the proposition that the Ohio Supreme Court would not recognize a fraud exception to the four-year time limit in the statute of repose.

{¶ 35} In *Ruther*, 134 Ohio St.3d 408, 2012-Ohio-5686, 983 N.E.2d 291, the Ohio Supreme Court held that "the medical-malpractice statute of repose found in R.C. 2305.113(C) does not extinguish a vested right and thus does not violate the Ohio Constitution, Article I, Section 16. *Hardy v. VerMeulen*, 32 Ohio St.3d 45, 512 N.E.2d 626, is overruled."

{¶ 36} In *Antoon*, 148 Ohio St.3d 483, 2016-Ohio-7432, 71 N.E.3d 974, the Court did not address a fraud exception but held that the plaintiff's complaint was not protected by R.C. 2305.19 — Ohio's savings statute — from the filing date requirement of the statute of repose.

{¶ 37} In *Wilson*, 164 Ohio St.3d 419, 2020-Ohio-6827, 173 N.E.3d 448, the Supreme Court held that the savings statute did not extend the medical statute of repose because it was not expressly provided for in the statute. Again, the court made no mention of whether fraud by the defendant could extend the statute.

{¶ 38} Legislative inaction is seldom a good indication of legislative intent. In *Wyler v. Tripi*, 25 Ohio St.2d 164, 267 N.E.2d 419 (1971), the Ohio Supreme Court was asked to define when a cause of action for malpractice accrued. The Court expressed its preference for the discovery rule "but hesitated to adopt it judicially because the legislature had failed to adopt amendments which would have extended the statute of limitation. Since the effect of the discovery rule can be a tolling of the statute of limitations well beyond the termination of the doctor-patient relationship, the *Wyler* court felt constrained by a legislative policy to maintain the status quo and reaffirmed the termination rule against its own better judgment. Not long after *Wyler*, however, the court seized an opportunity to carve out an exception to the general rule. In *Melnyk v. Cleveland Clinic,* [32 Ohio St.2d 198, 290 N.E.2d 916 (1972)] the plaintiff claimed that a surgeon left a metallic forceps and a nonabsorbent sponge in plaintiff's abdomen. These items were removed more than ten years later. The patient filed suit within one year of his 'discovery' of the items but more than ten years following termination of the surgeon-patient relationship. The Ohio Supreme Court unanimously held that justice required adoption of the discovery rule for cases where foreign objects were left inside patients. The court noted that proof of a foreign item left behind in surgery was fairly indefensible, with none of the usual problems attendant to stale claims. Hence, we base our reasoning not only upon an absence of the vexatious inequities usually associated with the entertaining of 'stale' medical claims, but also upon matters of sound public policy, springing from the absolute and irrevocable dependence of patient upon surgeon

during surgery and from the huge increase in societal or public medicine with its lamentable but concomitant lessening of the fiercely private surgeon-patient relationship of years past." (Citations omitted.) Linda C. Ashar, *Statute of Limitations: Discovery Rule for Malpractice*, 17 Akron L. Rev. 654, 656-657 (1984).

{¶ 39} Equity follows the law when the controlling law is clear. It is not clear in this case.

> Equitable estoppel "prevents relief when one party induces another to believe certain facts exist and the other party changes his position in reasonable reliance on those facts to his detriment." *Chavis v. Sycamore Cty. School Dist. Bd. of Ed.*, 71 Ohio St.3d 26, 34, 641 N.E.2d 188 (1994). To establish a prima facie case of equitable estoppel, a plaintiff must prove the following elements: "(1) that the defendant made a factual misrepresentation; (2) that it is misleading; (3) [that it induced] actual reliance which is reasonable and in good faith; and (4) [which causes] detriment to the relying party." *Hutchinson v. Wenzke*, 131 Ohio App.3d 613, 616, 723 N.E.2d 176 (2d Dist. 1999), citing *Doe v. Blue Cross/Blue Shield of Ohio*, 79 Ohio App.3d 369, 379, 607 N.E.2d 492 (10th Dist.1992).

*Perkins v. Falke & Dunphy, LLC*, 2d Dist. Montgomery No. 25162, 2012-Ohio-5799, ¶ 10.

{¶ 40} The purpose of equitable estoppel is to prevent actual or constructive fraud and to promote the ends of justice. *Ohio State Bd. of Pharmacy v. Frantz*, 51 Ohio St.3d 143, 145, 555 N.E.2d 630 (1990).

{¶ 41} The Second District has held that to invoke equitable tolling of the statute of limitations for fraudulent concealment, a plaintiff must show that the defendant engaged in a course of conduct to conceal evidence of the defendant's wrongdoing, and the plaintiff despite the exercise of due diligence failed to discover

the facts supporting the claim. *Frees v. ITT Technical School*, 2d Dist. Montgomery No. 23777, 2010-Ohio-5281, ¶ 34.

{¶ 42} The North Carolina Court of Appeals has held that a property owner may still find relief from the statute of repose in the related common law doctrine of equitable estoppel, which operates to toll or suspend the running of the statute. *See White v. Consol. Planning, Inc.*, 166 N.C.App. 283, 305, 603 S.E.2d 147 (2004), *discretionary review denied, White v. Consol. Planning, Inc.*, 359 N.C. 286, 610 S.E.2d 717 (2005).

{¶ 43} The trial court erred in granting the appellees' motion for a judgment on the pleadings. If the appellants can establish that the appellees deliberately misled the Graysons long enough to take advantage of the statute of repose, the appellees should be equitably estopped from claiming its protection. I would reverse the trial court's decision and remand for further proceedings.