[Cite as *Freeman v. Durrani*, 2019-Ohio-3643.]

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| JULIE FREEMAN, | : | APPEAL NO. C-180197 |
| | | TRIAL NO. A-1504131 |
| Plaintiff-Appellant, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| ABUBAKAR ATIQ DURRANI, M.D., | : | |
| | | |
| THE CENTER FOR ADVANCED SPINE | : | |
| TECHNOLOGIES, INC., | | |
| | : | |
| CINCINNATI         CHILDREN'S | | |
| HOSPITAL MEDICAL CENTER, INC., | : | |
| | | |
| and | : | |
| | | |
| THE CHRIST HOSPITAL, INC., | : | |
| | | |
| Defendants-Appellees. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  September 13, 2019

*The Deters Law Firm, Fred Freeman* and *Robert A. Winter Jr.,* for Plaintiff-Appellant,

*Bonezzi Switzer Polito & Hupp Co., LPA, Paul W. McCartney, Thomas F. Glassman, Lindhorst & Dreidame Co., LPA, Michael F. Lyon, James F. Brockman* and *James L. O'Connell,* for Defendants-Appellees Abubakar Atiq Durrani, M.D., and the Center for Advanced Spine Technologies, Inc.,

*Dinsmore & Shohl LLP, J. David Brittingham* and *Thomas P. Kemp, Jr.,* for Defendant-Appellee Cincinnati Children's Hospital Medical Center, Inc.,

*Dinsmore & Shohl LLP, Jennifer Orr Mitchell, Matthew S. Arend* and *R. Samuel Gilley* for Defendant-Appellee The Christ Hospital, Inc.



**CROUSE, Judge.**

{¶1} Plaintiff-appellant Julie Freeman appeals the trial court's denial of her motion for leave to amend her complaint, and the trial court's grant of the Christ Hospital, Inc. ("Christ") and Cincinnati Children's Hospital Medical Center, Inc.'s, ("Cincinnati Children's") motion to dismiss the complaint and the Center for Advanced Spine Technologies, Inc., ("CAST") and Abubakar Atiq Durrani, M.D.'s, ("Durrani") motion for judgment on the pleadings. For the reasons that follow, we affirm the judgment of the trial court.

## I.  Facts and Procedure

{¶2} Freeman first sought treatment from Durrani in 2008. Durrani allegedly recommended C6-C7 anterior cervical discectomy and fusion surgery. On June 4, 2008, Freeman underwent the surgery at Christ. Immediately thereafter, Freeman's pain increased in intensity. Freeman contends that her intensified pain resulted from Durrani's medically unnecessary and improperly performed surgery.

{¶3} On August 4, 2015, Freeman filed a complaint against Durrani, CAST, Christ, and Cincinnati Children's. Freeman asserted claims of negligence, battery, lack of informed consent, intentional infliction of emotional distress, fraud, spoliation of evidence, and products liability, and violations of the Ohio Consumer Sales Protection Act.

{¶4} On September 8, 2015, Christ and Cincinnati Children's filed a motion to dismiss the complaint. On July 25, 2017, Durrani and CAST filed a motion for judgment on the pleadings. All parties asserted that Freeman's claims were barred by the applicable statute of repose. On September 4, 2017, Freeman filed a motion to amend her complaint to detail additional allegations on the issue of fraud. Freeman asserted no new claims.

3

{¶5} On March 1, 2018, the trial court entered judgment, granting both the motion to dismiss and the motion for judgment on the pleadings. The court simultaneously denied the motion for leave to amend. This timely appeal followed.

## II. Motion to Dismiss and Motion for Judgment on the Pleadings

{¶6} We review de novo the grant of a motion for judgment on the pleadings and the grant of a motion to dismiss for failure to state a claim. *Citicasters Co. v. Bricker & Eckler, L.L.P.*, 149 Ohio App.3d 705, 2002-Ohio-5814, 778 N.E.2d 663, ¶ 5 (1st Dist.); *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5.

### 1. Exceptions to the Statute of Repose

{¶7} In her first assignment of error, Freeman asks us to recognize a fraud exception and an equitable-estoppel exception to Ohio's medical malpractice statute of repose.

{¶8} Pursuant to R.C. 2305.113(C), an action upon a medical claim must be commenced within four years after the occurrence of the act constituting the basis of the claim. If an action is not commenced within the four-year limit, then any action upon that claim is barred. R.C. 2305.113(C)(2). Here, the act constituting the basis of Freeman's claims occurred on June 4, 2008, when Durrani performed the C6-C7 anterior cervical discectomy and fusion surgery. Freeman filed the current action on August 4, 2015, more than seven years after the surgery. Because Freeman commenced the current action after the four-year statute of repose, the action is barred unless an exception applies.

{¶9} The statute of repose provides for limited exceptions in cases of persons within the age of minority, persons of unsound mind, malpractice discovered during the fourth year after treatment, and malpractice involving foreign objects left in a

4

patient's body. R.C. 2305.113(C), (D)(1), and (D)(2). However, Freeman does not argue that any of these statutory exceptions apply. Rather, Freeman argues for a judicially-created fraud exception and/or equitable-estoppel exception. In doing so, Freeman asks us to overrule *Crissinger v. Christ Hospital*, 2017-Ohio-9256, 106 N.E.3d 798 (1st Dist.).

{¶10} In *Crissinger*, this court held that the statute of repose is constitutional without a fraud exception. To support its holding, this court relied on the plain language of R.C. 2305.113 and the intent of the General Assembly. As determined by the Ohio Supreme Court in *Antoon v. Cleveland Clinic Found.*, 148 Ohio St.3d 483, 2016-Ohio-7432, 71 N.E.3d 974, ¶ 23, the plain language of R.C. 2305.113 is "clear, unambiguous, and means what it says. If a lawsuit bringing a medical * * * claim is not commenced within four years after the occurrence of the act or omission constituting the basis for the claim, then any action on that claim is barred." The statute does not, either expressly or impliedly, provide for a fraud exception.

{¶11} When viewed in light of the statutory scheme as a whole, it appears that the failure to include a fraud exception was not inadvertent. As detailed above, the General Assembly carved out specific exceptions within R.C. 2305.113, none of which include fraudulent conduct or equitable estoppel. In addition, the General Assembly provided fraud exceptions for other statutes of repose, but not for the medical malpractice statute of repose. *See, e.g.,* R.C. 2305.131(C) ("[The premises-liability statute of repose] is not available as an affirmative defense * * * if the defendant engages in fraud * * * [.]"). This demonstrates that the General Assembly intentionally chose not to create a fraud exception or an equitable-estoppel exception for medical claims.

{¶12} "The General Assembly has the right to define the contours of a cause of action." *Ruther v. Kaiser*, 134 Ohio St.3d 408, 2012-Ohio-5686, 983 N.E.2d 291, ¶ 26.

5

By enacting R.C. 2305.113(C), the General Assembly chose up to four years for an action on a medical claim to arise. Although some claims would be foreclosed before a plaintiff had the opportunity to pursue them, "the General Assembly has struck a rational balance between the rights of prospective claimants to pursue their allegations and the rights of prospective defendants to have protection from stale litigation." *Id.* at ¶ 28. As the judiciary, "[i]t is our duty to apply the statute as the General Assembly has drafted it; it is not our duty to rewrite it." *Doe v. Marlington Local School Dist. Bd. of Edn.*, 122 Ohio St.3d 12, 2009-Ohio-1360, 907 N.E.2d 706, ¶ 29. Therefore, despite the harsh results the statute of repose yields in this case, "[t]his court should not substitute its judgment for that legislative choice." *Id.*

{¶13} The trial court did not err by declining to recognize a fraud exception or equitable-estoppel exception to the statute of repose.

### 2. Definition of Medical Claims

{¶14} Freeman contends that her claims of fraud are independent nonmedical claims, and therefore, not barred by the statute of repose.

{¶15} "In determining which limitation period will apply, courts must look to the actual nature or subject matter of the case, rather than to the form in which the action is pleaded." *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183, 465 N.E.2d 1298 (1984). A "medical claim" is "any claim that is asserted in any civil action against a physician [or] hospital * * * that arises out of the medical diagnosis, care, or treatment of any person." R.C. 2305.113(E)(3). "Medical claims" also include derivative claims for relief that arise from the medical diagnosis, care, or treatment of a person. R.C. 2305.113(E)(3).

{¶16} In *Gaines v. Preterm-Cleveland, Inc.*, 33 Ohio St.3d 54, 56, 514 N.E.2d 709 (1987), the Ohio Supreme Court held that "[a] physician's knowing

6

misrepresentation of a material fact concerning a patient's condition * * * may give rise to a cause of action in fraud independent from an action in medical malpractice." An action in fraud is separate and distinct from an action in medical malpractice "where the decision to misstate the facts cannot be characterized as medical in nature." *Id.*

{¶17} In her initial complaint, Freeman alleged that Durrani committed fraud by recommending unnecessary surgery and failing to disclose the risks of surgery. In *Hensley v. Durrani*, 1st Dist. Hamilton No. C-130005, 2013-Ohio-4711, this court held that claims of fraud for recommending unnecessary surgery and failing to disclose the risks of surgery are medical in nature. In *Hensley*, this court held that both allegations "go squarely to [the] diagnosis, care and treatment"—allegations concerning the medical necessity of surgery are "simply an attack on Durrani's 'medical diagnosis' " and questions about undisclosed risks associated with the surgery are claims of lack of informed consent. *Id.* at ¶ 19.

{¶18} Freeman argues that we are not bound by *Hensley* because Durrani, CAST, Christ, and Cincinnati Children's decision to misstate the facts was not "medical in nature." However, Freeman's fraud allegations echo the statutory definition of "medical claim" under R.C. 2305.113(E)(3). In her initial complaint, Freeman claimed "Durrani made material, false representations to [Freeman] and her insurance company *related to [Freeman's] treatment.*" (Emphasis added.) Freeman's fraud allegations are also virtually identical to her negligence allegations. Specifically, Freeman contends that Durrani, CAST, Christ, and Cincinnati Children's misrepresented the nature of the spinal surgery and the particular risks that were involved therein to induce her to undergo surgery and induce payment by her insurance company. By alleging an independent fraud claim, Freeman is simply attempting to recast her medical-

malpractice claims. Therefore, these claims of fraud are "medical claims" within the statute of repose.

{¶19} In her proposed amended complaint, Freeman also alleged that Durrani committed fraud by misinforming her about the outcome of the surgery and concealing information to avoid civil liability. Freeman argues that *Gaines*, 33 Ohio St.3d 54, 514 N.E.2d 709, is controlling as to these claims. In *Gaines*, the plaintiff-patient consulted the defendant-medical facility to have her pregnancy terminated and her intrauterine device ("IUD") removed. *Gaines* at 54. Although the abortion was successfully completed, the IUD was not recovered. *Id.* Notwithstanding the physician's inability to locate and remove the IUD, the physician told the plaintiff-patient that the IUD had been removed. *Id.* Finding a separate and distinct cause of action, the court determined that the physician's decision to misstate the facts was not "motivated by *any* medical consideration" or medical concerns. (Emphasis added.) *Id.* at 56.

{¶20} Unlike the physician in *Gaines*, we cannot say that Durrani's decision to misstate the facts was not "motivated by *any* medical consideration" or medical concerns. In this case, Durrani made representations related to Freeman's continued follow-up treatment. Specifically, Freeman contended that Durrani, CAST, Christ, and Cincinnati Children's misrepresented the results of post-operation radiology which reflected the failure of the surgery, and informed her that it took time to heal no matter the condition or the reason for the condition. Based on these representations, Freeman continued to follow-up with Durrani. Therefore, these allegations are medical in nature and we are not bound by *Gaines*.

{¶21} Notably, the court in *Gaines* failed to distinguish independent fraud claims from "medical claims" as that term is defined in the statute of repose. When *Gaines* was decided, R.C. 2305.11(D)(3) simply defined a "medical claim" as "any claim

8

asserted in any civil action against a physician, podiatrist, or hospital arising out of the diagnosis, care, or treatment of any person." However, in the 32 years following the *Gaines* decision, the General Assembly has vastly broadened the definition of "medical claim."

{¶22} In 1987, the same year that *Gaines* was decided, the General Assembly amended R.C. 2305.11 to redefine the term "medical claim" as:

> [A]ny claim that is asserted in any civil action against a physician, podiatrist, or hospital, against any employee or agent of a physician, podiatrist, or hospital, or against a registered nurse or physical therapist, and that arises out of the medical diagnosis, care, or treatment of any person.

Significantly, the 1987 amendment also defined "medical claim" to include "derivative claims for relief that arise from the medical diagnosis, care, or treatment of a person." Prior to this amendment, derivative claims were not governed by the four-year statute of repose.

{¶23} In 2018, the General Assembly passed the most recent legislation on the definition of "medical claim." Under current legislation, R.C. 2305.113(E)(3) defines the term "medical claim" to specifically include, among other examples:

> (a) Derivative claims for relief that arise from the medical diagnosis, care, or treatment of a person;
>
> * * *
>
> (c) Claims that arise out of the medical diagnosis, care, or treatment of any person or claims that arise out of the plan of care prepared for a resident of a home and to which both types of claims either of the following applies:

(i) The claim results from acts or omissions in providing medical care.

(ii) The claim results from the hiring, training, supervision, retention, or termination of caregivers providing medical diagnosis, care, or treatment.

Freeman's claims of post-surgery fraud fall under R.C. 2305.113(E)(3)(c)(i)—the claims arise out of medical treatment and result from acts or omissions in providing medical care. Accordingly, Freeman's claims of fraud are "medical claims" within the statute of repose.

{¶24} Ultimately, Freeman's claims of fraud sound not in a separate and distinct action of fraud, but rather in equitable estoppel. "Clever pleading cannot transform what are in essence medical claims into claims for fraud." *Hensley*, 1st Dist. Hamilton No. C-130005, 2013-Ohio-4711, at ¶ 19. By enacting the medical statute of repose, the General Assembly chose up to four years for an action on a medical claim to arise. As we have noted, the General Assembly intentionally decided not to create a fraud exception or an equitable-estoppel exception for medical claims. Given the implications of Durrani's actions, perhaps the General Assembly should consider a fraud or equitable-estoppel exception to the statute of repose. However, we cannot substitute our judgment for the legislature's choice. Freeman's first assignment of error is overruled.

### III. Motion for Leave to Amend the Complaint

{¶25} In her second assignment of error, Freeman contends that the trial court erred by denying her motion for leave to file an amended complaint.

10

**{¶26}** The denial of leave to amend a pleading is reviewed under an abuse-of-discretion standard. *Patterson v. V & M Auto Body*, 63 Ohio St.3d 573, 576, 589 N.E.2d 1306 (1992).

**{¶27}** "[A] trial court properly refuses to grant leave to amend when amendment would be futile." *Hensley* at ¶ 14, citing *Natl. City Bank v. Citizens Natl. Bank of Southwest Ohio*, 2d Dist. Montgomery No. 20323, 2004-Ohio-6060, ¶ 26. Here, Freeman filed a motion to amend her complaint to set forth additional allegations pertaining to the claims of fraud. In its decision denying the motion to amend, the trial court held that "allowing [Freeman] to amend her complaint to add such allegations would be futile."[1] Because the claims of fraud were medical claims, they were subject to the same four-year statute of repose. Therefore, amendment to elaborate the claims would have been futile, and denial of leave to amend was properly entered. Freeman's second assignment of error is overruled.

## IV. Conclusion

**{¶28}** For the foregoing reasons, we overrule Freeman's assignments of error and affirm the judgment of the trial court.

Judgment affirmed.

**MOCK, P.J.,** and **BERGERON, J.,** concur.

Please note:
    The court has recorded its own entry on the date of the release of this opinion.

---

[1] Freeman also contends that the trial court denied her the ability to file a nonmedical claim under Ohio's RICO statute, R.C. 2923.32. Although Freeman accurately relates the trial court's decision, the amended complaint proposed to the trial court did not include a claim under Ohio's RICO statute. Therefore, the issue is not properly before this court.

12

