[Cite as *Green v. Peters*, 2024-Ohio-6040.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| JAMES CHRISTOPHER GREEN, | : | APPEAL NO. C-240126 |
| | | TRIAL NO. A-2302271 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| | | *O P I N I O N* |
| DORINDA PETERS, | : | |
| Defendant-Appellee. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: December 27, 2024

*Rose Ann Fleming, Professional Corp.*, and *Rose Ann Fleming*, for Plaintiff-Appellant,

*Finney Law Firm, LLC, Stephen E. Imm* and *Rebecca L. Simpson*, for Defendant-Appellee.

**ZAYAS, Judge.**

**{¶1}** Plaintiff-appellant James Christopher Green appeals from the judgment of the Hamilton County Court of Common Pleas, dismissing his complaint against defendant-appellee Dorinda Peters for intentional infliction of emotional distress ("IIED"). For the reasons that follow, we affirm the judgment of the trial court.

## *I.    Background*

**{¶2}** On May 25, 2023, Green filed a complaint against Peters seeking damages for IIED. The complaint alleged that, about a year prior to September 24, 2021, Peters called Green "the 'N' word." Then, on September 24, 2021, Peters called Green's mother the same thing. Later that same day, around 7:30 p.m., Peters approached Green, accused him of assault, and called the police. A neighbor that was present told the police she did not witness an assault. Green's mother and sister—who were walking behind him—"testified" that there was no assault. The police did not arrest Green for assault since they did not see any injury to Peters's chin that evening. However, overnight and into the next morning, Peters sent photos to the police that she had taken of the purported injury to her chin. The police accepted "one or more" of the photos as evidence, arrested and fingerprinted Green, and then returned him to his home. Ultimately, the assault charge was dismissed at trial on August 4, 2022.

**{¶3}** In response to the IIED complaint, Peters filed a motion to dismiss, asserting several grounds for dismissal, including failure to state a claim under Civ.R. 12(B)(6). The motion also requested—as an alternative ground—that Green be required to separately state and number the allegations in the complaint as required by Civ.R. 10(B). In reply, Green filed a response in opposition to dismissal. At the end of the response, Green asserted that he was attaching an amended complaint that

separately stated and numbered the allegations in compliance with Civ.R. 10(B), as requested by Peters. After Peters filed a reply in support of dismissal, Green filed a motion for leave to file the amended complaint on December 23, 2023.

{¶4} Ultimately, on January 29, 2024, the trial court granted Peters's motion to dismiss the complaint under Civ.R. 12(B)(6) for failure to state a claim, without responding to Green's motion for leave to file the amended complaint. The trial court found that the complaint failed to allege facts sufficient to show that Peters intended to cause emotional distress and failed to allege facts rising to the level of extreme and outrageous conduct. Green now appeals, raising three assignments of error for our review.

## II. Analysis

{¶5} In the first assignment of error, Green challenges the trial court's dismissal of his complaint for failure to state a claim. In the second assignment of error, Green argues that the trial court erred in not considering his motion to amend the complaint. In the third assignment of error, Green asserts that the trial court erred in not considering information that would have provided a different outcome than dismissal. We address each assignment of error in turn.

### A. First Assignment of Error

{¶6} We review the dismissal of a complaint for failure to state a claim de novo. *Zalvin v. Ayers,* 2020-Ohio-4021, ¶ 13 (1st Dist.), citing *Corrado v. Lowe*, 2015-Ohio-1993, ¶ 22 (11th Dist.). "When considering a Civ.R. 12(B)(6) dismissal, the court must presume that all factual allegations in the complaint are true, and it must make all reasonable inferences in favor of the nonmoving party." *Id.* "It must then appear beyond doubt that the nonmoving party can prove no set of facts entitling it to the relief requested in the complaint." *Id.*, citing *Avery v. Rossford, Ohio Transp.*

3

*Improvement Dist.*, 145 Ohio App.3d 155, 164 (6th Dist. 2001).

{¶7} Green argues that the trial court erred in dismissing his complaint where he sufficiently pleaded a claim of IIED. Peters argues that, regardless of whether the complaint sufficiently pleaded a claim of IIED, the complaint was properly dismissed as the claim was time-barred by the applicable statute of limitations. Because we find the statute-of-limitations issue dispositive of this assignment of error, we address that issue first. *See generally Greenacres Found. v. Bd. of Bldg. Appeals*, 2012-Ohio-4784, ¶ 15 (1st Dist.) ("[I]t is well-settled that a trial court may be right for the wrong reasons without resulting in reversible error.").

{¶8} IIED claims are generally subject to a four-year statute of limitations. *Cleavenger v. B.O.*, 2022-Ohio-454, ¶ 16 (9th Dist.), citing *Stewart v. Allen*, 2008-Ohio-1645, ¶ 21 (9th Dist.). However, where the essential character of the IIED claim "consists of conduct that is, in substance, another tort, the statute of limitations for the other tort governs." *Id.*, citing *Doe v. First United Methodist Church*, 68 Ohio St.3d 531, 536-537 (1994); *Love v. Port Clinton*, 37 Ohio St.3d 98, 99-100 (1988); *Vandiver v. Morgan Adhesive Co.*, 126 Ohio App.3d 634, 637-638 (9th Dist. 1998). More specifically, where a claim for IIED "is based upon conduct actionable as a claim for defamation, the one-year statute of limitations [for a defamation claim] applies." *Id.*, citing *Ibanez v. Hutchins*, 2012-Ohio-5040, ¶ 9 (10th Dist.); *Grover v. Bartsch*, 2006-Ohio-6115, ¶ 53-53 (2d Dist.); *Breno v. Mentor*, 2003-Ohio-4051, ¶ 11-12 (8th Dist.).

{¶9} In looking to the substance of the claim at issue, the focus is the damage caused to Green's reputation by Peters's false accusation of assault. Even the more specific damages, which include loss of employment and distress, are still alleged to have occurred as a result of the damage to Green's reputation. Thus, every claim of

damage in the complaint is rooted in how Peters's false accusation harmed Green's reputation. A claim of damage to one's reputation from the communication of a false statement is, in substance, a defamation claim. *See generally Dundee v. Philpot*, 2019-Ohio-3939, ¶ 8 (1st Dist.), quoting *Fuchs v. Scripps Howard Broadcasting Co.*, 2006-Ohio-5349, ¶ 28 (1st Dist.) ("'Defamation is the publication or communication of a false statement of fact that injures someone by adversely affecting the person's reputation, business, or position—by exposure to public hatred, contempt, ridicule, shame, or disgrace.'"). Therefore, we must hold that the essential character of Green's claim is one of defamation.[1] So, we apply the defamation statute of limitations to Green's claim.

**{¶10}** Looking at the allegations in the complaint, the false accusation, at the latest, was communicated on September 25, 2021 (the date that Green was arrested). Yet, Green's complaint was not filed until May 25, 2023, well outside of one year after the false statement was made. As a result, the claim is time-bared by the one-year defamation statute of limitations. *See Stubbs v. Dept. of Rehab. And Corr.*, 2012-Ohio-1374, ¶ 16 (10th Dist.), citing *Pankey v. Ohio Adult Parole Auth.*, 2011-Ohio-4209, ¶ 9 (10th Dist.) ("It is settled that '[a] cause of action for defamation accrues on the date of publication of the alleged defamatory matter.'"); *see also generally Weidman v. Hildebrant*, 2024-Ohio-2931, ¶ 27 (holding that the discovery rule is only applicable to defamation claims where the publication "was secretive, concealed, or otherwise inherently unknowable to the plaintiff due to the nature of the publication.").

---

[1] In doing so, we note that our holding is limited to the claim before us. In other words, we do not foreclose the possibility that a different result may be warranted in the future for a claim that arises under similar circumstances but is instead rooted in the distress caused to an innocent person by being improperly subjected to the justice system based on fabricated physical evidence.

**{¶11}** Because the complaint conclusively shows that the claim was time-barred by the statute of limitations, the complaint was properly dismissed under Civ.R. 12(B)(6) for failure to state a claim. *See Cleavenger*, 2022-Ohio-454, at ¶ 15 (9th Dist.), citing *Ohio Bur. of Workers' Comp. v. McKinley*, 2011-Ohio-4432, ¶ 13 ("'A complaint may be dismissed under Civ.R. 12(B)(6) for failing to comply with the applicable statute of limitations when the complaint on its face conclusively indicates that the action is time-barred.'"). Therefore, we overrule the first assignment of error.

### B. Second Assignment of Error

**{¶12}** In his second assignment of error, Green argues that the trial court erred in dismissing the complaint without considering his motion for leave to amend his complaint or his amended complaint.

**{¶13}** "We treat the trial court's failure to rule on a motion to amend as a denial of the motion." *Hensley v. Durrani*, 2013-Ohio-4711, ¶ 14 (1st Dist.). "The decision to grant or deny a motion for leave to amend lies within the discretion of the trial court." *Maas v. Maas*, 2020-Ohio-5160, ¶ 84 (1st Dist.).

**{¶14}** "Civ.R. 15(A) governs amendment of pleadings, and it provides that '[t]he court shall freely give leave when justice so requires.'" *ISCO Indus. v. Great Am. Ins. Co.*, 2019-Ohio-4852, ¶ 52 (1st Dist.). However, "[e]ven though Civ.R. 15 requires a court to freely give leave to amend in the interest of justice, 'a trial court properly refuses to grant leave to amend when amendment would be futile.'" *Id.*, citing *Hensley* at ¶ 14.

**{¶15}** Here, even though Green added two additional claims in his amended complaint (one for defamation and one for negligent infliction of emotional distress), the underlying conduct at issue remained the same. Thus, the essential character of each claim was still defamation. *See Weidman*, 2024-Ohio-2931, at ¶ 27.

6

Consequently, the trial court properly refused to grant leave for Green to amend his complaint as amendment would be futile where all the claims are time-barred by the same statute of limitations. Accordingly, we overrule the second assignment of error.

## C. *Third Assignment of Error*

{¶16} In his final assignment of error, Green asserts that the trial court erred in dismissing the action without considering information that could have resulted in a different outcome than dismissal.

{¶17} Pointing to Civ.R. 7(B)(2), Green first appears to argue that he was not provided with an opportunity to present a written statement in opposition to the motion to dismiss as he believed the trial court would "call" for such written statements. However, the record clearly shows that Green filed a written response in opposition to the motion to dismiss well in advance of the trial court's decision. Therefore, we see no merit to this argument.

{¶18} Green next appears to argue that the trial court should not have dismissed his complaint where he complied with the alternative request in the motion to dismiss, which was for him to separately state and number the allegations in the complaint as required by Civ.R. 10(B). However, a review of the motion to dismiss makes it clear that the alternative request was made in the event that the trial court did not dismiss the complaint. The trial court dismissed the complaint. Thus, the alternative request was irrelevant. Therefore, we see no merit to this argument.

{¶19} Further, a review of the record does not reveal any information that the trial court failed to consider that could have resulted in a different outcome. Therefore, we overrule the third assignment of error.

## III. *Conclusion*

{¶20} Based on the foregoing, we overrule the assignments of error and affirm

the judgment of the trial court.

Judgment affirmed.

**BOCK, P.J.,** and **KINSLEY, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.