[Cite as *Pulley v. Voytko*, 2025-Ohio-1587.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| TAMMY S. PULLEY, et al | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellants | : | Hon. William B. Hoffman, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| VANESSA L. VOYTKO, M.D., et al. | : | Case No. CT2024-0129 |
| | : | |
| Defendant - Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Muskingum County
                                 Court of Common Pleas, Case No.
                                 CA2024-0242

JUDGMENT:                        Reversed and Remanded

DATE OF JUDGMENT:                May 2, 2025

APPEARANCES:

For Plaintiff-Appellants Tammy Pulley     For Defendant-Appellees Vanessa
And Joseph Pulley                         Voytko and Southeastern Med

J. STEPHEN TEETOR                         BOBBIE S. SPADER
JAMES M. ROPER                            KARIN M. LONG
ANDREW N. YOSOWITZ                        ZACHARY R. HOOVER
Teetor Westfall, LLC                      Dinsmore & Shohl, LLP
200 E. Campus View Blvd., Ste. 200        191 W. Nationwide Boulevard
Columbus, Ohio 43235                      Suite 200
   -and-                                  Columbus, Ohio 43215
MATHEW VOLTONLINI
565 State Route 56 W.                     For Defendant-Appellee Orthopedic Assoc.
Circleville, Ohio 43113

                                          DAVID H. KRAUSE
                                          KENTON H. STEELE
                                          Reminger Co., L.P.A.
                                          200 Civic Center Drive, Suite 800
                                          Columbus, Ohio 43215-4138

*Baldwin, P.J.*

{¶1} The appellants, Tammy S. Pulley and Joseph C. Pulley, appeal the October 24, 2024, Judgment Entry granting Summary Judgment in favor of the appellees, Vanessa L. Voytko, M.D., Orthopedic Associates of Zanesville, Inc., and Med, Southeastern.

## STATEMENT OF THE FACTS AND THE CASE

{¶2} On July 22, 2024, the appellants filed a malpractice complaint against the appellees.

{¶3} In the complaint, the appellants allege that on July 1, 2020, Appellee Voytko performed a left total hip replacement on Appellant Tammy S. Pulley ("the appellant"). Following the surgery, the appellant alleged she experienced a left foot drop and decreased sensation in her left leg and foot.

{¶4} The appellant said Appellee Voytko assured her that her condition would improve and took no further action to correct or cause the foot drop. The appellant had many follow-up appointments through September of 2020. No action was taken by the appellees during these appointments.

{¶5} On July 30, 2024, the appellees filed their answer.

{¶6} On August 21, 2024, the appellees filed their Motion for Judgment on the Pleadings. In their motion, the appellees argued the claims were barred by the four-year medical claims' statute of repose.

{¶7} On September 18, 2024, the appellants filed their Response to Defendants' Motion for Judgment on the Pleadings.

{¶8} On October 25, 2024, the trial court granted the Defendant's Motion for Judgment on the Pleadings, finding the applicable four-year statute of repose barred the appellants' claims.

{¶9} On November 13, 2024, the appellants filed a Notice of Appeal raising the following assignments of error:

{¶10} "I. THE TRIAL COURT ERRED WHEN IT GRANTED JUDGMENT ON THE PLEADINGS TO DEFENDANTS-APPELLEES BECAUSE IT WRONGLY APPLIED THE NEWLY AMENDED VERSION OF OHIO'S TOLLING STATUTE, R.C. 2305.15, INSTEAD OF THE VERSION IN EFFECT AT THE TIME THE CASE WAS FILED. THE NEWLY AMENDED VERSION OF R.C. 2305.15 IS NOT RETROACTIVE."

{¶11} "II. THE TRIAL COURT ERRED IN GRANTING JUDGMENT ON THE PLEADINGS TO DEFENDANTS-APPELLEES WHEN IT HELD THAT THE ONLY DATE OF MALPRACTICE PLED IN THE COMPLAINT WAS THE DATE OF SURGERY."

**I.**

{¶12} In the appellant's first assignment of error, the appellant argues the trial court erred in applying a newly enacted version of R.C. 2305.15 retroactively. We agree.

**STANDARD OF REVIEW**

{¶13} Whether or not a statute is to be applied retroactively is a question of law to be reviewed de novo. *State v. Consilio*, 2007-Ohio-4163, ¶9.

**ANALYSIS**

{¶14} In the first assignment of error, the appellant claims the trial court improperly applied the current version of R.C. 2305.15 retroactively. We agree.

**{¶15}** In support of his argument, the appellant cites the new version of R.C. 2305.15, which was enacted on October 24, 2024, after the appellants filed their complaint. The trial court found R.C. 2305.15(2)(b) does not toll time for the statute of repose in R.C. 2305.113.

**{¶16}** "A statute is presumed to be prospective in its operation unless expressly made retrospective." R.C. 1.48.

**{¶17}** R.C. 2305.15 states, in pertinent part:

(A)(1) Except as provided in division (A)(2) of this section, when a cause of action accrues against a person, if the person is out of the state, has absconded, or conceals self, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, 1302.98, and 1304.35 of the Revised Code does not begin to run until the person comes into the state or while the person is so absconded or concealed. After the cause of action accrues if the person departs from the state, absconds, or conceals self, the time of the person's absence or concealment shall not be computed as any part of a period within which the action must be brought.

(2) Division (A)(1) of this section does not apply to statutes of repose, including, but not limited to, those contained in any of the following:

\* \*

(b) Division (C) or (D) of section 2305.113 of the Revised Code[.]

**{¶18}** Since there is no legislative statement that would indicate the statute applies retroactively, the statute only applies prospectively. Therefore, we find the trial court erred in retroactively applying the October 24, 2024, version of the statute to the case at bar.

**{¶19}** Accordingly, the appellant's first assignment of error is sustained.

## II.

**{¶20}** Based upon our disposition in the appellant's first assignment of error, we decline to address assignment of error two.

## CONCLUSION

**{¶21}** The judgment of the Muskingum County Court of Common Pleas is reversed and remanded to the trial court for further proceedings consistent with this opinion.

By: Baldwin, P.J.

King, J. concur.

Hoffman, J. concurs in part, dissents in part.

*Hoffman, J., concurring in part, and dissenting in part*

**{¶22}** I concur in the majority's analysis and disposition of Appellant's first assignment of error with respect to Appellee Vanessa Voytko, M.D.

**{¶23}** However, I respectfully dissent from the decision to reverse as it pertains to Southeastern Med. and Orthopedic Associates of Zanesville, Inc.