[Cite as *Burge v. Bethesda Hosp., Inc.*, 2025-Ohio-4827.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

MATTHEW BURGE, Administrator of the Estate of Curtis J. Burge and Executor of the Estate of Linda R. Burge, :

    Plaintiff-Appellant, :

  vs. :

BETHESDA HOSPITAL, INC., :

JARRAD N. LIFSHITZ, M.D., :

QUALIFIED EMERGENCY SPECIALISTS, INC., :

  and :

KRISTINE N. KLAUSING, R.N., :

    Defendants-Appellees. :

APPEAL NO.   C-250023
TRIAL NO.    A-2403982

*JUDGMENT ENTRY*

This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 10/22/2025 per order of the court.**

**By:**_____
        **Administrative Judge**

[Cite as *Burge v. Bethesda Hosp., Inc.*, 2025-Ohio-4827.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| MATTHEW BURGE, Administrator of the Estate of Curtis J. Burge and Executor of the Estate of Linda R. Burge, | : | APPEAL NO. C-250023<br>TRIAL NO. A-2403982 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N* |
| BETHESDA HOSPITAL, INC., | : | |
| JARRAD N. LIFSHITZ, M.D., | : | |
| QUALIFIED EMERGENCY SPECIALISTS, INC., | : | |
| and | : | |
| KRISTINE N. KLAUSING, R.N., | : | |
| Defendants-Appellees. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: October 22, 2025

*Mark A. Humbert*, for Plaintiff-Appellant,

*Rendigs, Fry, Kiely & Dennis, L.L.P.*, *Gunner K. Walker* and *Brian D. Goldwasser*, for Defendants-Appellees Bethesda Hospital, Inc., and Kristine N. Klausing, R.N.

*Lindhorst & Dreidame Co., L.P.A.*, *Michael F. Lyon* and *Jessie E. Greive*, for Defendants-Appellees Qualified Emergency Specialists, Inc., and Jarrad N. Lifshitz, M.D.

**ZAYAS, Presiding Judge.**

{¶1} In this case, plaintiff-appellant Matthew Burge, Administrator of the Estate of Curtis J. Burge and Executor of the Estate of Linda R. Burge ("Matthew"), appeals from the judgment of the trial court dismissing his medical-malpractice complaint against defendants-appellees Bethesda Hospital, Inc., Jarrad N. Lifshitz, M.D., Qualified Emergency Specialists, Inc. ("QESI"), and Kristine N. Klausing, R.N. (collectively, "defendants") for being filed outside the statute of repose in R.C. 2305.113(C).

{¶2} In a single assignment of error, Matthew argues that the trial court erred in dismissing his complaint as "it cannot be determined from the face of the pleadings alone that there is no scenario in which the applicable time limits could have been tolled." For the reasons that follow, we overrule the assignment of error and affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶3} On September 5, 2024, Matthew filed a medical-malpractice complaint against defendants. According to the complaint, Curtis Burge ("Burge") presented by ambulance to the emergency room at Bethesda North Hospital on November 9, 2017, and came under the care of Dr. Lifshitz, who "negligently and carelessly rendered care" to Burge, and Burge "died shortly after leaving the hospital due to cardiac dysrhythmia."

{¶4} Defendants respectively moved to dismiss Matthew's complaint as time-barred by the statute of repose in R.C. 2305.113(C).

{¶5} Matthew opposed dismissal, making two primary arguments. First, he argued that the action brought in his capacity as the administrator of Burge's estate was tolled under R.C. 2305.16 during the period between Burge's death and his

appointment as the administrator of Burge's estate as Burge was "incapacitated" during this period. Second, he argued that the actions are not time-barred under R.C. 2305.15 because the individual defendants—Dr. Lifshitz and Klausing—"might" have left the state at some point, meaning that it "cannot be said at this point that there is no set of facts in this case under which Plaintiffs might be entitled to recovery."

{¶6} Ultimately, after further briefing and a hearing, the trial court entered an order granting the defendants' respective motions to dismiss. The trial court found the complaint was time-barred under R.C. 2305.113(C) where it was undisputed that the act or omission that formed the basis of the claims occurred on November 9, 2017, and the complaint was not filed until nearly seven years later on September 5, 2024.

{¶7} Regarding tolling under R.C. 2305.16, the trial court rejected this argument after finding that, even accepting the date that Burge's estate was created as the starting point of the statute of repose, the claim was still time-barred as the estate was created on October 29, 2018, and the complaint was not filed until roughly six years later.

{¶8} Regarding tolling under R.C. 2305.15, the trial court rejected this argument after finding that the *chance* that the individual defendants left the state at some point is "purely speculative" and not based on the pleadings.

{¶9} Matthew now appeals, asserting in a single assignment of error that the trial court "erred by dismissing the claims against defendants-appellees under Civ.R. 12(B)(6)."

## II.  Law and Analysis

### A.  Standard of Review

{¶10} This court reviews the dismissal of a complaint for failure to state a claim de novo. *Green v. Peters*, 2024-Ohio-6040, ¶ 6 (1st Dist.), citing *Zalvin v. Ayers*,

2020-Ohio-4021, ¶ 13 (1st Dist.). "'When considering a Civ.R. 12(B)(6) dismissal, the court must presume that all factual allegations in the complaint are true, and it must make all reasonable inferences in favor of the nonmoving party.'" *Id.*, citing *Zalvin* at ¶ 13. "'It must then appear beyond doubt that the nonmoving party can prove no set of facts entitling it to the relief requested in the complaint.'" *Id.*, citing *Zalvin* at ¶ 13.

### B. The Trial Court Correctly Dismissed the Complaint

{**¶11**}   R.C. 2305.113(C), the statute of repose for medical claims, provides that an action upon a medical claim is time-barred if it is not "commenced within four years after the occurrence of the act or omission constituting the alleged basis of the medical . . . claim." In other words, R.C. 2305.113(C) "starts the statute of repose running on the date the alleged malpractice was committed." *Elliot v. Durrani*, 2022-Ohio-4190, ¶ 10.

{**¶12**}   However, R.C. 2305.15, the tolling statute, as it existed at the time that the complaint was filed in this case, explicitly provided an exception to the statute of repose. *See id.* at ¶ 18. In other words, "[t]he legislature made clear in R.C. 2305.15 that an absconding defendant is not entitled to a four-year repose that is not tolled." *Id.* at ¶ 25.[1]

{**¶13**}   Former R.C. 2305.15(A) stated,

When a cause of action accrues against a person, if the person is

out of state, has absconded, or conceals self, the period of limitation for

---

[1] We note that R.C. 2305.15 was amended, effective October 24, 2024, for the express purpose of overruling the Ohio Supreme Court's decision in *Elliot*. *See* Editor's Notes to R.C. 2305.15. However, the legislature did not indicate that the amended statute applies retrospectively, so the amended statute only has prospective application. *See Pulley v. Voytko*, 2025-Ohio-1587, ¶ 18 (5th Dist.); *see also Tarahfields, LLC v. Wilson*, 2025-Ohio-1337, ¶ 64, fn. 6 (10th Dist.); *Gamble v. Valley Oaks Care Ctr.*, 2025 Ohio LEXIS 551, fn. 5 (7th Dist. Feb. 20, 2025). Here, the complaint was filed in September 2024, just prior to the amended statute going into effect. Therefore, *Elliot* is still applicable here.

the commencement of the action as provided in sections 2305.04 to 2305.14 . . . does not begin to run until the person comes into the state or while the person is so absconded or concealed. After the cause of action accrues if the person departs from the state, absconds, or conceals self, the time of the person's absence or concealment shall not be computed as any part of a period within which the action must be brought.

{¶14} Matthew argues that the trial court erred in dismissing his complaint as "it cannot be determined from the face of the pleadings alone that there is no scenario in which the applicable time limits could have been tolled." This argument is based on the assertion that "neither the trial court nor this court has any way of knowing whether either of the [individual defendants] might have [left the state], much less for how long or when, and such facts simply cannot be known without" discovery. In other words, Matthew argues that "it simply cannot be determined beyond doubt from the face of the pleadings in this case that there is no set of facts under which Mr. Burge could be entitled to relief."

{¶15} In support of this assertion, he points to *Harris v. Vision Energy, LLC*, 2024-Ohio-2878, ¶ 27 (1st Dist.), and *Taylor-Winfield Corp. v. Huntington Bank*, 2021-Ohio-3480 (11th Dist.).

{¶16} In *Harris*, this court determined that the claim at issue made it past the pleading stage only because the viability of the claim could not be determined from the face of the pleadings. *See Harris* at ¶ 17. In other words, the facts set forth in the complaint were not conclusive as to the viability of the claim.

{¶17} In *Taylor-Winfield*, the court first said, "'In order to conclusively demonstrate that the action is time-barred, the allegations in the complaint must

6

demonstrate both (1) the applicable statute of limitations, and (2) the absence of factors which would toll the pertinent statute, or make it inapplicable.'" *Id.* at ¶ 7, quoting *Ricketts v. Everflow E., Inc.*, 2016-Ohio-4807, ¶ 12 (7th Dist.). The court then held that the complaint at issue did not conclusively demonstrate the absence of factors which would toll the applicable statute of limitations—regarding the claims subject to the discovery rule—where the complaint alleged that the plaintiff did not become aware of the alleged wrongdoing until 2018. *Id.* at ¶ 20. In other words, the complaint contained allegations indicating that tolling may be applicable to those claims.

**{¶18}** Here, the facts pled in the complaint conclusively show that the claims are barred by the statute of repose as the complaint was filed well beyond four years after the day that Burge received the medical care at issue and there are no allegations in the complaint that any individual defendant left the state at any point.

**{¶19}** Any suggestion that an individual defendant may have left the state is based on mere speculation and "even Ohio's notice-pleading standard does not permit mere speculation." *Lombardo v. Best W. Hotels & Resorts*, 2023-Ohio-2300, ¶ 17 (8th Dist.), citing *Maternal Grandmother, Admr. v. Hamilton Cty. Dept. of Job & Family Servs.*, 2021-Ohio-4096, ¶ 20 (Dewine, J., concurring in judgment only), citing *Sacksteder v. Senney*, 2012-Ohio-4452, ¶ 45 (2d Dist.); *accord Konkel v. Ohio Parole Bd.*, 2025-Ohio-1071, ¶ 24 (10th Dist.), citing *Maternal Grandmother* at ¶ 29 (Dewine, J., concurring in judgment only).

**{¶20}** Beyond that, Matthew has not pointed to any authority to indicate that a medical claim may nevertheless proceed past the pleading stage, despite the claim appearing as time-barred on the face of the complaint, in order to allow discovery as to whether any individual defendant ever left the state, tolling the statute of repose.

7

**{¶21}** Matthew further argues that "all time was tolled" under R.C. 2305.16 until October 29, 2018, when he was appointed the administrator of Burge's estate. However, even assuming this argument is correct, the current complaint would nevertheless be time-barred, as the statute of repose ran in October 2022, and the complaint was not filed until September 2024.

### III. Conclusion

**{¶22}** For all the foregoing reasons, we hold that the complaint was time-barred by the statute of repose in R.C. 2305.113(C). Accordingly, we overrule the assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**NESTOR** and **MOORE, JJ.,** concur.